PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, A PUBLIC CORPORATION, APPELLEE, V. NOEL COVER ET AL., APPELLANTS.

52 N. W. 2d 243

Filed March 7, 1952. No. 33116.

*Baskins & Baskins*, for appellants.

*Crosby & Crosby*, for appellee.

Heard before SIMMONS, C. J., YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Platte Valley Public Power and Irrigation District, a public corporation, plaintiff and appellee, against Noel Cover and Nellie Cover, defendants and appellants, to recover two payments each in the amount of $2,750 with interest at the rate of seven percent per annum which were past due on a written contract of sale of certain land in Dawson County, Nebraska. One payment became due on April 7, 1949, and the other on April 7, 1950.

The contract was entered into on April 7, 1947. It provided for a total consideration of $14,000, $3,000 of which was to be in cash, $2,750 on April 7, 1948, and an equal amount on April 7 of the three succeeding years. The

deferred payments were to draw interest at four percent per annum. The cash payment and payment of the first installment were made. The defendants were in default of payment of the principal of the second and third installments when this action was instituted. They were also in default of interest which accrued after the due dates of the two installments.

These facts are all admitted in the answer of the defendants. There is in the answer of the defendants no denial or traverse of any of the allegations upon which the plaintiff bases a right of recovery. The answer admits that under the terms of the written contract on which the action is predicated they are indebted as claimed by the plaintiff.

In an effort not in defense but in avoidance of this obligation the defendants have filed a cross-petition.

By their cross-petition they allege substantially that by the terms of the contract of purchase they waived damages to the land purchased caused by certain structures maintained thereon by plaintiff, which structures do not require description here, and agreed to continued maintenance thereof by plaintiff. These allegations are factually reflected in the contract.

They further allege that they are owners of land adjoining the land purchased under the contract and that they have learned that the plaintiff construes the contract to mean that the defendants have also waived damages to these other lands and personal property and crops located thereon caused by the structures on the land purchased under the contract. This construction they allege is invalid and was never agreed to by the parties.

By their prayer they asked the district court to interpret the contract and to interpret it in such manner as to declare that the waiver of the contract applies only to damages to the land described in the contract. They seek other relief but in the light of the response to the allegations of the cross-petition and the evidence

as contained in the bill of exceptions this becomes unimportant here.

The reply denies that the plaintiff ever construed the contract as a waiver of damages to lands other than those described in the contract. In addition to this in the only evidence adduced on the trial on the subject, it was unequivocally denied that any such construction had been placed on the contract. On the record which comes here therefore the parties are definitely in accord on the proposition that the contract by its terms does not contain a waiver as to other land and that the plaintiff has not placed and does not place on it any such interpretation.

It is true that the record discloses that in an action by defendants against the plaintiff for damages to and upon the adjoining lands the plaintiff here has pleaded that the defendants here are estopped to assert a claim for such damages because of knowledge which they had of conditions when the contract in question here was entered into. That defense however in nowise depends upon the terms of the contract, any claimed representations as to what the parties considered that it embraced, or any mutually considered inducements to the contract. The validity of the defense is for determination in that action and not in this one.

On the record the district court dismissed the cross-petition and rendered judgment in favor of plaintiff for the two delinquent installments with interest at four percent per annum from date of default until judgment. Interest was allowed on the judgment at the rate of six percent per annum.

The defendants filed a motion for new trial which was overruled. From the order overruling the motion for new trial and the judgment they have appealed.

From the facts as they have already been outlined it is clear that the cross-petition presents nothing for determination. There is nothing in the light of the record for the court to construe.

Courts will not resort to construction where the terms of the contract are clear and plain and the interests of the parties are clearly expressed. In re Ordean's Will, 195 Minn. 120, 261 N. W. 706; 17 C. J. S., Contracts, § 294, p. 683.

The defendants, as pointed out, agree that under the terms of the contract they are indebted to plaintiff as claimed.

The judgment of the district court is therefore affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.